United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOAN SIVORI COMIN,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05434-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Joan Sivori Comin, a citizen of Cuba, has been detained by U.S. Immigration and Customs Enforcement ("ICE") for eleven months awaiting the execution of his final order of removal to Cuba. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that his continued detention is unlawful under *Zadvydas v. Davis* as his removal is not reasonably foreseeable. For the following reasons, the petition is GRANTED and Respondents are ordered to release Petitioner from custody.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. ICE arrested Petitioner at the Florida Department of Corrections, Parole and Probation Office on November 5, 2025. *See* Dkt. No. 6-1 at 3. Petitioner has been in ICE immigration custody since that date. Prior to his detention, and while living in the United States, Petitioner was convicted of several drug related offenses, including trafficking cannabis. *See id*. at 28–29.

On March 24, 2026, an immigration judge ordered Petitioner removed to "Cuba or in the alternative to N/A [sic]...." *Id*. at 6. Petitioner did not appeal this removal order by the set deadline of April 23, 2026. *Id*. at 7; Dkt. No. 7 at 1. Accordingly, Petitioner's removal order

became administratively final on April 24, 2026. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: … Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

Following the entry of his final order of removal, "repatriation [of Petitioner] was denied by the government of Cuba." Dkt. No. 6 ¶ 9. Since June 2026, ICE has sought to remove Petitioner to Mexico, and has provided him with several notices of its intent to remove him there. *Id.* ¶ 10; Dkt. No. 6-1 at 9–18. Petitioner has not agreed to sign the document consenting to his removal to Mexico, and the Government has not provided the Court with any information showing that it has sought to remove Petitioner to any other country.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Under 8 U.S.C. § 1231(a)(2), the Government must detain a non-citizen subject to a final order of removal for at least 90-days to effectuate their removal. *See* 8 U.S.C. §§ 1231(a)(1), 1231(a)(2). After this mandatory period of detention passes, detention authority shifts to 8 U.S.C. § 1231(a)(6), which allows the Government to either continue detention or release the non-citizen on an order of supervision. *See* 8 U.S.C. §1231(a)(6) ("An alien ordered removed who is …

United States District Court
Eastern District of California

unlikely to comply with the order of removal, *may* be detained beyond the removal period") (emphasis added). The Supreme Court has held that § 1231(a)(6) does not permit indefinite detention, and instead contains an implicit reasonable time limitation, which is presumptively six months, after which the non-citizen bears the burden of showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 682, 701. If the non-citizen meets this burden, and the Government fails to rebut it, he must be released. *Id*. at 699–701.

Respondents argue that the petition must be denied because Petitioner has only been detained for five months since his order of removal order became administratively final. Dkt. No. 7 at 2–3. They further argue that he has failed to submit evidence that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 3. The Court disagrees on both fronts and finds that Petitioner has met his burden under *Zadvydas*, which Respondents have failed to rebut.

The Supreme Court has rejected any rigid application of the six-month time period articulated in *Zadvydas*. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) ("*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention … would approach constitutional limits, the statute should be read … to authorize detention only for a period consistent with the purpose of effectuating removal"). Accordingly, "the government is not guaranteed the *right* to hold a noncitizen for at least six months" pursuant to *Zadvydas*. *Rizo v. Bondi*, No. 2:26-CV-0421-MMD-EJY, 2026 WL 1180266, at *2 (D. Nev. Apr. 30, 2026), *reconsideration denied,* 2026 WL 1197245 (D. Nev. May 1, 2026) (emphasis added); *see also Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months."); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). Rather, the six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Alkarori v. Nevada S.*

*Det. Ctr.*, No. 2:25-CV-2567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026); *Douglas v. Baker*, No. 25-CV-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025).

Petitioner has made such a showing here. "[R]epatriation [of petitioner] was denied by the government of Cuba." Dkt. No. 6 ¶ 9. Further, he has not consented to removal to Mexico. *See* Dkt. No. 6-1 at 9–18. "[D]istrict courts have repeatedly found that similarly situated petitioners—Cuban nationals whom the Government is attempting to remove to Mexico against their will—have met their initial burden [under *Zadvydas*], especially because the current standing agreement with Mexico appears to be conditioned on the consent of the noncitizen." *Arias Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380, at *2 (E.D. Cal. Aug. 4, 2026) (collecting cases); *see also Barbaro Elisie Gaceran-Jimenez v. D. Marin, et al.*, No. 5:26-CV-01973-BFM, 2026 WL 2262177, at *3 (C.D. Cal. Aug. 5, 2026) (noting that "[t]he consensus among the federal courts of this Circuit is that "Mexico refuses to accept citizens of countries other than Mexico who do not consent to removal"); *Couso Mendez v. Warden, California City Det. Facility*, No. 1:26-CV-4977-TLN-JDP, 2026 WL 2192274, at *4 (E.D. Cal. July 29, 2026), *report and recommendation adopted sub nom. Couso M. v. Warden, California City Det. Facility*, No. 1:26-CV-4977-TLN-JDP, 2026 WL 2216125 (E.D. Cal. July 31, 2026) (finding Petitioner had met his burden under nearly identical facts).

Respondents have not offered any evidence to rebut this showing, nor has the Government provided any information that it has elected to begin the process to deport Petitioner to any alternative country. Accordingly, the Court finds that the continued detention of Petitioner, who has already been held in custody for nearly a year, with no likelihood of removal in the reasonably foreseeable future, is unlawful.

United States District Court
Eastern District of California

**IV. CONCLUSION AND ORDER**

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED. Respondents are ordered to release Petitioner from custody, subject to "appropriate conditions" of supervision to be determined by immigration authorities and in accordance with applicable statutory and regulatory procedures.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Noël Wise
United States District Judge